UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Daniel Alley

    v.                                        Civil No. 21-cv-1026-SE
                                                Opinion No. 2022 DNH 125

Warden, FCI Berlin

O R D E R

Daniel Alley, proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging a disciplinary proceeding that resulted in his loss of good conduct time.[1] The court found on preliminary review that Alley's challenge was based on a Fifth Amendment claim and ordered the clerk to effect service. Doc. no. 3. In the service order, the court granted Alley leave to file a supplement to his petition, which he did. Doc. no. 5. The warden now moves for summary judgment. Doc. no. 7. Alley objects. Because Alley did not exhaust his administrative remedies, the warden's motion is granted and Alley's claims are dismissed.

Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the

---

[1] Alley filed his petition when he was an inmate at the Federal Correctional Institution in Berlin, New Hampshire. He is now incarcerated at the Federal Correctional Institution in White Deer, Pennsylvania.

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that "carries with it the potential to affect the outcome of the suit." French v. Merrill, 15 F.4th 116, 123 (1st Cir. 2021) (quotation omitted). A material fact is in genuine dispute if "a reasonable jury could resolve the point in the favor of the non-moving party." Id. The court construes the record in the light most favorable to the nonmoving party. Benson v. Wal-Mart Stores East, L.P., 14 F.4th 13, 17 (1st Cir. 2021). In considering a motion for summary judgment, the court may review materials cited in the motion and other materials in the record. Fed. R. Civ. P. 56(c)(1)(3).

Background

On February 25, 2021, Alley was charged in Incident Report No. 3478123 under offense codes 203 (threatening bodily harm) and 225 (stalking another person through repeated behavior which harasses, alarms, or annoys the person after having been warned to stop that conduct).[2] The charges arose from Alley's interactions with two FCI Berlin employees, Counselor C. Napier

---

[2] In his supplement, Alley states that he is innocent of the conduct charged in Incident Report No. 3477105, which is not the Incident Report that is the subject of his petition. Alley's allegations in the supplement, however, pertain entirely to Incident Report No. 3478123 and the claims alleged in his petition. The court assumes that Alley's reference to Incident Report No. 3477105 in the supplement is a mistake.

and Lieutenant A. McCormack, regarding Alley's repeated and unsuccessful requests to change prison cells.

A Discipline Hearing Officer ("DHO") held a hearing on March 16, 2021. At the hearing, the DHO informed Alley that she was changing the charged violation of Code 225, stalking, to violation of Code 312, insolence. The DHO found after the hearing that Alley had committed the charged acts under Code 203 and Code 312. She imposed sanctions, which included the loss of good conduct time. Alley filed a petition for habeas corpus relief alleging constitutional violations in connection with his disciplinary proceeding.

## Discussion

The warden seeks summary judgment, arguing that Alley failed to exhaust his available administrative remedies before filing his habeas petition. The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust all available administrative remedies before seeking relief in federal court. 42 U.S.C. § 1997e(a); Woodford v. Ngo, 548 U.S. 81, 90-91 (2006). To exhaust his or her administrative remedies properly, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Acosta

v. U.S. Marshals Serv., 445 F.3d 509, 512 (1st Cir. 2006); see Woodford, 548 U.S. at 90–91.

The BOP has established an administrative appeal process that allows prisoners to seek formal review of their complaints. See 28 C.F.R. §§ 542.10–542.19. Where, as here, the prisoner appeals a DHO's decision, step one requires the prisoner to submit his appeal to the Regional Director for the region in which the prisoner is currently located. Id., § 542.14(d)(2). If the prisoner is dissatisfied with the Regional Director's response, step two requires the prisoner to appeal the decision to the General Counsel within 30 calendar days of the date the Regional Director issues a response. Id., § 542.15(a). Filing an appeal with "the General Counsel is the final administrative appeal." Id. Once the prisoner has received a decision from the General Counsel, he has exhausted the BOP's two-step administrative-remedy process. See id. Only then can the prisoner seek relief in federal court. Woodford, 548 U.S. at 90–91. A failure to exhaust administrative remedies may be excused, however, when the remedies are not available or when the prison administration prevents an inmate from using the process. Fox v. Hazelwood, No. 21-CV-159-PB, 2022 WL 2907992, at *1 (D.N.H. July 22, 2022).

The warden moves for summary judgment on the ground that Alley did not complete the administrative process because he did not file a timely appeal with the General Counsel. In response, Alley contends that he filed his appeal to the highest administrative level and did so in as timely a fashion as possible. He asserts that to the extent the court deems his appeal untimely, it should excuse his failure to exhaust.

I. Alley's Appeal of the DHO's Decision[3]

Alley appealed the DHO's decision to the Regional Director, Northeast Regional Office. The Regional Director received the appeal on April 6, 2021, and rejected it on April 30, 2021, because certain pages were illegible. The notice of rejection directed Alley to refile his appeal.

Alley refiled his appeal in accordance with the directions. After reviewing it on the merits, the Regional Director issued a response, concluding that "[t]he DHO reasonably determined [Alley] committed the prohibited acts based on section 11 of the Incident Report and supporting evidence." Doc. no. 1-1 at 12. As a result, the Regional Director denied Alley's appeal.

---

[3] The timeline of events is taken from evidence in the record submitted by both parties, viewed in the light most favorable to Alley.

5

The Regional Director's response is dated August 16, 2021. The last paragraph in the response notified Alley that he could appeal to the Office of General Counsel and that the office must receive his appeal within 30 days of the date of the response.

Alley filed an appeal on October 9, 2021. The General Counsel's office received it on October 19, 2021. Both dates are more than 30 days after the date of the Regional Director's response. The Regional Director rejected the appeal as untimely. The rejection notice to Alley stated: "Provide staff verification stating untimely filing was not your fault." Doc. no. 1-1 at 5. Alley did not file a staff verification or otherwise communicate with the General Counsel's office regarding the rejection of his appeal.

## II. Alley's Failure to Exhaust

The undisputed facts show that Alley did not exhaust his administrative remedies. Both BOP regulations and the Regional Director's denial of Alley's grievance required Alley to appeal the Regional Director's decision to the General Counsel within 30 days of the date of the decision, August 16, 2021. As Alley concedes, he did not do so until October, more than 30 days later. Therefore, Alley did not exhaust his administrative remedies.

Viewed generously, Alley argues in his objection that the court should excuse his failure to exhaust because prison officials prevented him from submitting his appeal in a timely fashion. In support, Alley points to a page in his petition that appears to be the address sheet used for the Regional Director's denial letter. Doc. no. 1-1 at 8. That page contains several handwritten remarks, which include an initialed notation below the date 9/26/2021 and Alley's comments stating: "Please note that I did not receive this response until 9-26-21, & I am mailing my appeal on 10-9-21." Id.

Alley's alleged late receipt of the Regional Director's decision may have been a justifiable reason to excuse his untimely appeal to the General Counsel. He could have — and did not — present that argument to the General Counsel's office despite receiving an invitation to do so. Because Alley did not address the timeliness issue with the General Counsel's office, he did not exhaust his administrative remedies. See, e.g., Watkins v. Donnelly, 551 F. App'x 953, 959-60 (10th Cir. 2014). Therefore, his petition cannot proceed.

## Conclusion

For the foregoing reasons, the warden's motion for summary judgment (document no. 7) is granted. The petition, document no.

1, and the supplement (document no. 5) are dismissed for failure to exhaust administrative remedies.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Samantha D. Elliott
United States District Judge

October 5, 2022

cc: Daniel Alley, pro se
    Seth R. Aframe, AUSA